UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LELA SAMPLE, individually; TONYA MILLER, individually;<br><br>Plaintiffs,<br><br>v.<br><br>BROOKDALE SENIOR LIVING COMMUNITIES, INC., a Washington for-profit corporation,<br><br>Defendant. | CASE NO. C11-5844 RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR STAY PENDING APPEAL OF ORDER DENYING ARBITRATION |

This matter comes before the Court on the motion of Defendant Brookdale Senior Living Communities, Inc. for a stay of these proceedings pending appeal of the Court's order denying a motion to compel arbitration. Dkt. 22. The Court has considered the pleadings in support and in opposition to the motion and the record herein.

**INTRODUCTION AND BACKGROUND**

Plaintiffs Lela Sample and Tonya Miller filed this instant lawsuit against Brookdale Senior Living Communities, Inc. (Brookdale) alleging discrimination in employment. Dkt. 2.

Brookdale moved to stay the proceedings and enforce an arbitration agreement that it asserts was duly signed by the employees. Dkt. 13. Plaintiffs countered, raising a single argument: the arbitration agreements are not valid contracts because they were not signed by the Defendant employer. Dkt. 17. The Court agreed with Plaintiffs and denied the motion to compel arbitration. Dkt. 19. The Arbitration Agreement clearly and unequivocally requires both signatures as a condition precedent to it becoming effective as a contract. In light of the clear and unequivocal terms of the Agreement that require Brookdale's signature to demonstrate its assent to the Agreement and the absence of a signature, there is no enforceable agreement requiring Plaintiffs to submit to mandatory binding arbitration. *Id.*, at 7-8.

Defendant has filed an interlocutory appeal of the Order denying the motion to compel arbitration. Dkt. 20. Defendant moves this Court for a stay of these proceedings pending the appeal.

**STANDARDS FOR ISSUANCE OF A STAY**

The Federal Arbitration Act (FAA) reflects a strong federal policy favoring arbitration. 9 U.S.C. § 16(a); A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1404 n. 2 (9th Cir.1992). To further this federal policy, section 16 of the FAA endeavors to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration. *Sanford v. Memberworks*, Inc., 483 F.3d 956, 961 (9th Cir. 2007). Accordingly, under the FAA, a party may immediately appeal a court order denying a motion to compel arbitration. 9 U.S.C. § 16(a). This ensures that the issue of whether a dispute is to be resolved through arbitration is decided before excess time, money, and judicial resources are spent in litigation. *C.B.S. Employee Federal Credit Union v. Donaldson*, 716 F.Supp. 307, 310 (W.D. Tenn. 1989).

1	The court may stay the proceedings pending an appeal from its refusal to compel
2	arbitration if the court finds that the motion presents a substantial question for the court of appeal
3	to consider. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). Courts
4	generally consider four factors when determining whether to grant a stay pending the appeal of a
5	civil order: first, whether the applicant has made a strong showing that he is likely to succeed on
6	the merits; second, whether the moving party will be irreparably injured absent a stay; third,
7	whether a stay will substantially injure the opposing party; and fourth, whether the public interest
8	favors a stay. *Id*.; *Hilton v. Braunskill*, 481 U.S. 770, 776 (1986).

9	**A.  Likelihood of Success, or Substantial Legal Questions**

10	Defendant argues that the pending interlocutory appeal involves serious legal questions.
11	These are whether the requirement of the employer's signature was a condition precedent to an
12	enforceable arbitration agreement and if so, whether the condition was waived by the acceptance
13	of employment. Plaintiffs, on the other hand, argue that the appeal is meritless and does not
14	warrant a stay.

15	To satisfy the first factor, a movant need not show a probability of success on appeal.
16	See *C.B.S.,* 716 F.Supp. at 309-10. Instead, a substantial case on the merits exists if there is a
17	serious legal question to be answered by the court of appeals and the "balance of equities" of the
18	final three factors strongly weigh in favor of granting a stay. *Id*. at 310.

19	Here, Defendant's appeal presents a legitimate, substantial question as to whether the
20	employment of Plaintiffs may be considered as effecting a waiver of the employer's obligation to
21	sign the arbitration agreement.

22	**B.  Defendant Will Suffer Irreparable Harm If Stay Is Not Granted**

23

24

ORDER GRANTING DEFENDANT'S MOTION
FOR STAY PENDING APPEAL OF ORDER
DENYING ARBITRATION- 3

1    If a party must undergo the expense of trial before being able to appeal a refusal to
2 compel arbitration, the advantages of arbitration-speed and economy-are lost forever.  *Alascom,*
3 *Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984).   Although monetary expenses
4 incurred in litigation are normally not considered irreparable, it is a unique situation when these
5 expenses are incurred pending an appeal of an order refusing to compel arbitration.  If this
6 litigation proceeds, Defendant will be forced to incur costs that would defeat the important, cost-
7 limiting purpose of arbitration agreements.  Thus, this Court determines that, in the limited
8 context of an interlocutory appeal of the order refusing to compel arbitration, Defendant would
9 be irreparably harmed if the Court did not enter a stay.

10    **C.  Plaintiffs Will Not Be Prejudiced By a Stay**

11    Defendant argues that Plaintiffs will not suffer substantial harm should a stay issue
12 because the dispute is narrow and the relationship between the parties has ended, i.e. neither
13 party will continue to be harmed by the other during the pendency of the stay.  The harm to
14 Plaintiffs appears not to be irreparable, as they seek monetary damages.  In the event they
15 prevail, any monetary damages caused by the delay of the appeal can be recovered through pre-
16 judgment interest, as permitted by applicable law.

17    **D.  The Requested Stay Serves the Public Interest**

18    Policies underlying arbitration law stress the importance of judicial efficiency and
19 economy.  Disputes about whether or not parties must submit to arbitration take place against a
20 backdrop of policies encouraging arbitration and the preservation and integrity of judicial
21 resources.  Here, continuing to litigate in this Court during the pendency of the appeal would
22 undermine both policies because of the risk of redundant or inconsistent actions.  The public
23 interest weighs in favor of a stay.

24

ORDER GRANTING DEFENDANT'S MOTION
FOR STAY PENDING APPEAL OF ORDER
DENYING ARBITRATION- 4

## CONCLUSION

For the foregoing reasons,

Therefore, it is **ORDERED**:

Defendant's Motion for Stay of Proceedings Pending Appeal of Order Denying Arbitration (Dkt. 22) is **GRANTED**. The parties are directed to promptly advise the Court when the appeal is concluded and of the result.

Dated this 23rd day of January, 2012.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge